VAN ETTEN ·V. TROUDDEN *et al.*, appellants.

*Promissory note — collateral note — extension of time of payment. Evidence.*

In an action on a promissory note against the maker and indorser, the defendants requested the court to charge the jury that if they should find that the plaintiff agreed to accept a third party for the payment of the note — said third party having the maker's money to that amount, " such agreement was a payment of the note." *Held,* that the court erred in declining to so charge, on the ground that while such agreement would not, technically, have been payment, it would have discharged the debt by way of accord and satisfaction ; but that defendants were not prejudiced by the error, as the jury had, under proper instructions, found that there was no such agreement.

The mere taking, by the holder of a promissory note, of a check or note of a third person on time, as collateral, does not extend the time of payment of the principal note.

A party, who objects to the evidence of the copy of a writing, must state the specific grounds of objection.

THIS case comes before the court on an appeal from an order denying a new trial on the minutes of the judge ; and on a case and exceptions. It seems that judgment was entered ; but it is said by counsel that this was allowed only as security, and no appeal from the judgment appears in the papers. The case will, therefore, be considered as on appeal from the order denying a new trial on the minutes, and on the case and exceptions, as if ordered to be heard in the first instance at the general term.

The action was against Owen Troudden, as maker, and Robert Charlton as indorser, of a promissory note. The defendants, as a

defense, set up payment; also, that the plaintiff accepted a third party (the firm of James A. Charlton & Co.,) as principal debtor for the note, and extended the time of payment with such third party, without their consent or knowledge, by reason of which they were discharged from liability.

There was no evidence of payment except as it was claimed that the dealings between the parties and the firm of Charlton & Co. operated as such; and the case was litigated on the hypothesis, on the part of the defendants, that those dealings discharged them either by way of payment, or on the ground of an extension of the time of payment without their consent.

On all the evidence the jury found in favor of the plaintiff. Various exceptions were taken in the course of the trial, and to the charge of the judge, and to his refusals to charge, which, with such portions of the evidence as is deemed necessary to the examination of the case, will be referred to in the opinion.

*A. Schoonmaker,* for appellants.

*J. E. Van Etten,* for respondents.

BOCKES, J. (after stating the facts). The firm of Charlton & Co. was indebted to Troudden, and it is shown very clearly that there was an understanding between the plaintiff and those parties, that the firm might make payment to the plaintiff, which payment when made should apply on the note in suit. This is conceded by the counsel for both parties. But the question remained whether such understanding amounted on the evidence to a valid binding agreement, that the firm should become the principal debtor. The proof shows that the firm gave the plaintiff a check post-dated, and subsequently a note payable one month from date in its place, covering the amount of the note; but it is insisted on the part of the plaintiff, that they were taken as collateral to the note, and not as payment, and that Troudden so understood the matter and gave his assent thereto.

If this be as is claimed by the plaintiff, the case is relieved from all difficulty. If it be true that the check and firm note were taken as collateral to the note in suit, with Troudden's consent, he can have no ground of complaint when called on to respond on his own note, nothing having been realized by the plaintiff on

the collateral. Then how stands the case on the facts? and 1st, were the check and firm note taken as collateral to the note in suit? This question has been determined by the jury in favor of the plaintiff. Nor can it be said with propriety that the verdict is against or unsupported by the evidence. Even on the proof submitted on the part of the defendants the case was not made so clear, but that the question was one for the jury.

But the evidence on the part of the plaintiff flatly contradicted the case claimed to have been made by the defendants. The case was, therefore, for the jury on all the evidence, and it must be now considered as a settled fact that the check and firm note were received by the plaintiff as collateral to the note in suit, and not in payment or satisfaction of it. Indeed, I am of the opinion that the weight of evidence is manifestly to that effect.

If the defendant, Troudden, consented that the check and note should be taken as collateral, he cannot urge the extension of the time of payment given by them as a defense in this action. His consent is an answer to that defense. And there certainly was evidence tending to show that the entire transactions with the firm of Charlton & Co. was with Troudden's consent and approval. If John E. Van Etten's testimony was credited by the jury, they might well find that the arrangements and dealings with that firm in regard to its indebtedness to Troudden had the latter's entire sanction. If, therefore, we give due effect to the verdict of the jury, as I think we are bound to do, the note in suit remained in full force against both the maker and indorser. The defendants were the principal debtors, and remained so as regards this note in suit; and the plaintiff was at all times at liberty to pursue them on their liability thereon. His right of action on the note was not suspended by reason of his holding a note on time as collateral. Notwithstanding the collateral was not due, he might enforce his remedy on the principal security. *Cary* v. *White*, 52 N. Y. 138. It follows that the plaintiff is entitled to have judgment on the verdict, unless some error was committed on the trial in the admission or rejection of evidence, or in the manner in which the case was submitted to the jury.

The plaintiff proved by John E. Van Etten, who acted as his agent in the transaction, that he, John E., gave Troudden at one time a paper or memorandum showing that the firm note was held as collateral. The witness said that he kept a copy of it, and

produced it. To the reading of this memorandum the defendants' counsel objected; but the court overruled the objection, and the defendants' counsel excepted. The plaintiff had a right to show the delivery of such paper to the defendant, Troudden. If accepted by him without his then, or at any time afterward, calling attention to any error of statement therein, such fact was an important one in the case. This fact the plaintiff had a right to prove. It was competent for him to show the delivery to Troudden of the paper containing such statement. If objected to on the ground that the original should be produced, that ground of objection should have been stated. But the objection was general to the reading of the paper. Had the specific ground of objection been stated, *non constat*, but that it would have been removed by further proof; the general objection here interposed was insufficient. The defendant should have pointed out the specific ground of objection, and thus called the attention of the court and of the adverse party to the precise point on which he relied. Without this the objection may be disregarded. *Elwood* v. *Deifendorf*, 5 Barb. 398; *Merritt* v. *Seaman*, 6 id. 330; *Hayne* v. *Powers*, 39 id. 469; *Height* v. *People*, 49 N. Y. 583; *Webb* v. *Odell*, 50 id. 392. But the paper read was a sworn copy, and besides at a subsequent stage of the trial it was put in evidence without objection.

It is urged that the court erred in holding that "the mere giving or taking of a check or note by a third party as collateral does not of itself extend the time of the principal debtor." The ruling as applicable to this case was to this effect, that the mere taking of the check or note of Charlton & Co., as collateral, did not of itself extend the time of payment as to the defendants on the note in suit. This ruling was correct. Admitting that the firm note was received as collateral to the note in suit, and that there was no agreement suspending the right of action on the latter, the mere acceptance of the firm note on time, being the note of a *third party*, would not extend the time of payment on the principal debt.

If a creditor accept the debtor's own note on time, while it will not generally extinguish the original debt, yet it will operate to extend the time of payment until the note becomes due, and there are cases holding that such extension will discharge a surety for the original debt, if it be without his consent. *Place* v. *McIlvain*, 38 N. Y. 96, and cases there cited. But in *Elwood* v. *Deifendorf*, 5 Barb. 398, it was held that the taking of a new security from the

principal debtor for an old debt past due, payable at a future day, without an agreement to extend the time of payment, does not discharge the surety; and in the very recent case of *Cary* v. *White*, 52 N. Y. 138, it was held that the mere taking of a collateral security on time is not *per se*, and in the absence of any agreement beyond it, an extension of time for the payment of the orignal debt. In this case ALLEN, J., examines this subject at length and cites numerous authorities, rendering it impertinent here to do more than to refer to his elaborate and able opinion.

There was no error in this ruling of the learned judge, and it follows from this conclusion that there was no error in his refusal to charge as requested in the subsequent paragraph, to wit: that the taking of the check post-dated, and of the firm note on time, and holding and acting upon them as the plaintiff did, was in fact an extension of the time of payment of the note in suit. *Cary* v. *White, supra.* Nor was there error in the refusal of the court to charge that "by the arrangement between Troudden and the firm of Charlton & Co., which was communicated to Mr. Van Etten, said firm became the principal debtor to Van Etten." Whether there was an arrangement between Troudden and the firm, what it was, and whether the firm thereby became the principal debtor to the plaintiff, were matters for the jury, and were in fact properly left to the jury.

There is one other point of alleged error; the defendant's counsel requested the court to charge the jury that if they should find that the plaintiff agree to accept the firm of Charlton & Co. for the payment of the note in suit, that firm having Troudden's money to that amount, such agreement was a payment of the note. The court declined so to charge and the defendant's counsel excepted.

Now if such agreement had been proved it would have operated as an extinguishment of the plaintiff's claim. The agreement would not have been technically payment, but it would have discharged the debt by way of accord and satisfaction. *Davis* v. *Spencer*, 24 N. Y. 386, 391 ; *Pratt* v. *Foote*, 9 id. 463. In *Pratt* v. *Foote* the facts proved made it a case of technical payment, and Judge SELDEN notices the difference between that case and one like the present, where there was a mere substitution of one executory agreement or obligation for another. So he says a transaction of this kind " operates only by way of accord and satisfaction, and must be pleaded as such." Judge ALLEN also, in *Davis* v. *Spencer*, says " the mutual promises are regarded as the execution of the

accord — the satisfaction of the original contract — contemplated by the parties." Thus it seems the proposition presented in the request was not technically sound in law, although doubtless it was intended by the defendant's counsel to embrace the idea of a good defense, to wit : an extinguishment and satisfaction of the claim in suit. If it could be seen that this defense in this form had been kept from the jury, under this ruling, I should be inclined to hold it error. But such was plainly not the case. The defense was presented, and the jury was required to find on the question whether there was an arrangement with the plaintiff by which he was to look to the firm of Charlton & Co. for pay, whether that firm had not, by agreement between the parties, become the principal debtor. These questions were submitted to the jury, as I think, fully and fairly. Indeed, during the entire trial, and by the charge of the judge, these questions were kept prominently before them. They were repeatedly informed by the court, in substance, that if they found from the evidence that there was an agreement with the plaintiff, by which the firm of Charlton & Co. became the principal debtors, that is, by which the plaintiff (in the language of the request) agreed to accept the firm of Charlton & Co. for the payment of the note in suit, they should find a verdict for the defendants. After careful consideration of the case, I am of the opinion that the record disclosed no error demanding a new trial.

The order denying a new trial on the minutes should be affirmed, and the plaintiff is entitled to judgment on the verdict with costs.

*Judgment accordingly.*